EDNA DICKINSON, RESPONDENT, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, APPEL-
LANT.

Argued November 24, 1916—Decided March 5, 1917.

1. In an action brought to recover damages for a nuisance created
   and maintained by the defendant in the building of an embank-
   ment along a public highway, thereby interfering with plaintiff's
   full use of the highway, the recovery by the plaintiff must be
   confined to the damage sustained up to the time of the commence-
   ment of the suit, for the reason that since the creation of the
   obstruction was an illegal act it is not to be assumed that the
   unlawful condition created was a permanent one, no matter what
   the character of the obstruction might be. In such a case a
   prior recovery does not preclude a recovery for damages sus-
   tained because of the continuance of the obstruction after the
   commencement of the prior action.

2. The general rule that a person suffering from a nuisance created
   by another is under a duty to take proper measures for the lessen-
   ing of the damages resulting therefrom, is not so far reaching in its
   effect as to relieve the wrong-doer from the responsibility for the
   existence of such conditions and to impose it upon the innocent
   sufferer by requiring him to assume that the creator of the nuis-
   ance will continue indefinitely to maintain it in violation of law,
   and, upon this assumption, oblige him to alter or add to the
   buildings upon his property for the purpose of adapting it to
   those conditions.

3. When, in an action for damages, the fundamental question in-
   volved was whether or not a structure, maintained by the de-
   fendant, was a nuisance, and the question was resolved in favor
   of the plaintiff, the matter is *res judicata* between the parties in
   all subsequent litigation arising out of the maintenance of the
   structure.

4. There is nothing in section 30 of the Railroad act (*Pamph. L.*
   1903, *p.* 661) which permits a railroad company and a munic-
   ipality to agree that the former shall erect and maintain a nuis-
   ance in a public highway.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *Ralph E. Lum.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover damages for a nuisance created and maintained by the defendant company in the building of an embankment and wall along a public highway in the borough of Chatham upon which the plaintiff's property abutted, thereby interfering with her full use of the highway, and making ingress to and egress from her premises more difficult. The trial resulted in the rendition of a verdict in favor of the plaintiff. The railroad company appeals from the judgment entered thereon.

The first ground of appeal is rested upon the proposition that the damages resulting to the property of the plaintiff having been made the subject-matter of a prior litigation between the same parties, her recovery in that litigation was a recovery once and for all, because of the permanent character of the illegal structure, and barred her from maintaining any subsequent action for damages arising out of the continued maintenance thereof by the defendant.

It appears from the record before us that at the trial of the first suit the jury was limited to a consideration of the damages sustained by the plaintiff from the time of the commission of the wrongful act complained of up to the commencement of the action; and that its award was restricted by the court to compensation for the loss sustained during the period mentioned. It is plain, therefore, that if appellant's contention is sound, the respondent has not received, and now never can receive, full compensation for the damage done to her property from the continued maintenance of the unlawful structure.

Although the precise question presented by this ground of appeal seems not to have been heretofore considered by this court, it has been dealt with in a number of cases decided by our Supreme Court. In *Lewis* v. *Pennsylvania Railroad Co.*, 76 *N. J. L.* 220, the facts were as follows: The defendant company had elevated its tracks through the city of Elizabeth. As an incident to the improvement, and for the purpose of carrying the elevated structure over Mary street, it unlawfully lowered the grade of that street to the detriment

of the plaintiff's property which abutted thereon. It was held that the recovery by the plaintiff must be confined to the damage sustained by him up to the time of the commencement of the suit, for the reason that since the change of grade was an illegal act, it is not to be assumed that the unlawful condition created was a permanent one, no matter what the character of the alteration of grade might be. In the earlier case of *Hatfield* v. *Central Railroad Co.*, 33 *Id.* 251, the same rule was declared, where the defendant company had unlawfully laid its railroad tracks within the limits of a public street, and maintained them there, without taking any steps to legalize its occupation of the street under the powers given it in its charter. To the same effect are *Brewster* v. *Sussex Railroad Co.*, 40 *Id.* 57; *Collins* v. *Langan*, 58 *Id.* 6, and *Ackerman* v. *Nutley*, 70 *Id.* 438. These decisions, in our opinion, lay down the correct rule and demonstrate the unsoundness of appellant's contention.

Another ground of appeal urged before us is that the trial court improperly overruled questions upon the cross-examination of a witness produced by the plaintiff, the purpose of which was to show that by a rearrangement of the inside of her building by the plaintiff, and the construction of a stairway upon its outside, the diminution in rental value and convenient user caused by the presence of the elevated structure could be largely obviated. We observe that the exclusion of some of the questions discussed by counsel in his brief was not objected to by him, and, consequently, the rulings of the court upon them constitute no ground for reversal. Assuming that the rulings which were made the subject of objection present the matter discussed by counsel, we consider the judicial action complained of to have been legally unobjectionable. The general rule that a person suffering from a nuisance created by another is under a duty to take proper measures for the lessening of the damages resulting therefrom, has never been considered to be so far reaching in its effect as to relieve the wrong-doer from the responsibility for the existence of conditions like those exhibited in the present

case, and to impose it upon the innocent sufferer, by requiring him to assume that the creator of the nuisance will continue indefinitely to maintain it in violation of law, and upon this assumption oblige him to alter or add to the building upon his property for the purpose of adapting it to those conditions.

The last ground of reversal attacks the ruling of the trial court refusing to permit the appellant to put in evidence an agreement made between it and the borough of Chatham, the object of which was the elimination of grade crossings by the elevation of the appellant's right of way; this agreement being alleged to have been made under the authority of section 30 of the act concerning railroads (Revision of 1903). The purpose of the offer, as stated by counsel at the time when it was made, was to show that the appellant had a legal right to elevate its road through the borough of Chatham in conformity to the provisions of that contract, and justified the appellant in its occupation of the described portion of the public way adjacent to the plaintiff's premises. In other words, that the structure complained of is authorized by law, and, therefore, cannot be a nuisance. The trouble with appellant's present contention is that the fundamental question in the prior litigation was nuisance *vel non*, and this question was resolved in favor of the plaintiff; and, consequently, in all subsequent litigations arising out of the maintenance of the structure, the matter is *res judicata* between the parties. If the alleged contract had the force and effect now ascribed to it, and the appellant desired to take advantage thereof, it should have been produced and offered in evidence at the trial of the former suit. Having failed to do this, the company cannot now put it in evidence for the purpose of overriding the effect of the judgment in the earlier litigation.

It has been suggested that the contract was evidential for the purpose of demonstrating that the structure complained of was a permanent one; that the nuisance could not be abated; and that, therefore, the recovery had in the original suit must have been once and for all.

We think there are several answers to this suggestion. In the first place, the contract was not offered upon any such theory. In the second place, there was no intimation at the time of the offer that there was anything in the contract to show that it was the intention of the parties that this illegal structure should be permanently maintained. In the third place, even if such an intention did so appear, it would be quite immaterial, for there is nothing in the statute appealed to which permits a railroad company and a municipality to agree that the former shall erect and maintain a nuisance in a public highway. In the face of the prior adjudication, the normal method to be adopted by this appellant company for legalizing its structure, so far as the plaintiff is concerned, is by taking advantage of its charter powers to condemn the right of the plaintiff which has been invaded by its illegal act.

One other matter has been called to our attention, namely, that the jury were permitted by the trial court in the making up of its verdict to assess punitive damages against the appellant. We are unable to perceive any theory upon which, under the facts before us, the appellant had subjected itself to a liability to have damages of this character assessed against it; but as this judicial action has not been made the basis of a ground of appeal, the judgment under review cannot be reversed for this error, notwithstanding its injurious character.

There will be an affirmance.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—None.